NATURE AND OBJECT OF ACTION

The object of the above action is to foreclose a Mortgage held by the Plaintiff and recorded in the County of Nassau, State of New York as more particularly described in the Complaint herein

TO THE DEFENDANTS, except Oleg Perstin and Car Container Lines, Inc., the plaintiff makes no personal claim against you in this action.

IF, AND ONLY IF, you have received or will receive a Bankruptcy Discharge Order which includes this debt, the plaintiff is solely attempting to enforce its mortgage lien rights in the subject real property and makes no personal claim against you. In that event, nothing contained in these or any papers served or filed or to be served or filed in this action will be an attempt to collect from you or to find you personally liable for the discharged debt.


YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

UNITED STATES DISTRICT COURT  CASE NO.
EASTERN DISTRICT OF NEW YORK
Administrator of the U.S. Small Business Administration,
an Agency of the Government of the United States of America

                    Plaintiff,

  -against-                                 **COMPLAINT**

                                        **ACTION TO FORECLOSE
                                          A MORTGAGE**

Car Container Lines, Inc., Oleg Perstin, Galina Perstin,
"JOHN DOE #1-5" and "JANE DOE #1-5", said names
being fictitious, it being the intention of plaintiff to
designate any and all occupants, tenants, persons or
corporations, if any, having or claiming an interest in
or lien upon the premises being foreclosed herein,

                    Defendants

The plaintiff herein, by its attorney MANFREDI LAW GROUP, PLLC, complains of the defendants above named, for its cause of action, and alleges:

1. This court has jurisdiction under the provisions of Title 28, United States Code, Section 1345.

2. The plaintiff, Administrator of the U.S. Small Business Administration, an Agency of the Government of the United States of America has offices at 26 Federal Plaza, Suite 3100, New York, NY 10278.

## NOTE AND MORTGAGE

3. That on or about February 13, 2013, Oleg Perstin, individually, and Car Container Lines, Inc., borrowers, for monies loaned and for the purpose of securing to lender/plaintiff or its predecessor, its successor and assigns, a sum of money, duly executed and acknowledged a Promissory Note (hereinafter "Note") in the amount of $101,400.00 at an interest rate of 4.0%

and agreed to repay said sums in monthly principal and interest payments each and every month.

4. A copy of the Note with Loan Authorization is attached as <u>Exhibit A.</u>

5. That as security for the payment of said indebtedness, a Mortgage was executed acknowledged and delivered to the stated lender/mortgagee/plaintiff its successor and assigns under certain conditions with rights, duties and privileges between the parties as described therein.

6. A copy of the Mortgage is attached as <u>Exhibit B.</u>

7. The Mortgage was recorded on 9/13/2013, Liber Book: M 39145 Page: 579, in the Nassau County Clerk's Office.

8. The "mortgaged premises" or "property" is 1 A Cooke Street, East Rockaway, NY 11518 a/k/a 1A Cooke Street, East Rockaway, NY 11518 described herein annexed as "Schedule A".

9. That the borrowers defaulted under terms of the Note by failing to make payment due on 6/13/2016.

10. The event of non-payment triggered default.  ¶4, Exhibit A, ¶3 Exhibit B.

11. The defendants failed to timely cure the default resulting in the necessity of the commencement of the present foreclosure action.

12. As a result of aforesaid default, the plaintiff elected and hereby elects to exercise its rights and foreclose on the defendants' interest in the mortgaged premises. ¶4, Exhibit A, ¶3 Exhibit B.

13. The plaintiff is the owner and holder of the subject Note and Mortgage and has the authority to institute a mortgage foreclosure action.

14. Upon information and belief, the subject mortgaged premises is occupied.

15. The property which is the subject of this foreclosure action meets the definition of a "home loan" pursuant to RPAPL Section 1304, because the mortgaged property is, upon information and belief, a principal residence.

16. That plaintiff complied with applicable provisions of the NY RPAPL §§ 1304 and 1306.

17. A 90-day pre-foreclosure notice was mailed on June 6, 2019 by first class and certified mail to the owners of the mortgaged premises.  <u>Exhibit C.</u>

18. Certified mail was delivered.  <u>Exhibit C.</u>

19. There is currently due the following sums as of October 4, 2019:

    | | |
    |---|---|
    | Principal (Note) | <u>$84,193.25</u> |
    | Accrued interest through <u>October 4, 2019</u><br>Interest accrues at $9.23 per day | <u>$11,429.53</u> |
    | Total: | <u>$95,622.78</u> |

20. That in order to protect its security, the plaintiff may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises, and hereby requests that any sums paid by it for said purposes, with interest thereon, be added to the sum otherwise due, be deemed secured by the mortgage and be adjudged a valid lien on the Mortgaged Premises.

<u>THE DEFENDANTS</u>

21. Oleg Perstin and Galina Perstin are named Defendants as record owners of the mortgaged premises.  Oleg Perstin and Car Container Lines, Inc. are defendants as the original obligors of the Note secured by the Mortgage recorded on 09/13/2013 in Liber Book M 39145, Page 579.

22. The true names of the defendants "JOHN DOE #1-5" and "JANE DOE #1-5" are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof.

23. The plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

24. No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Note and Mortgage or any part thereof.

25. That the Certificate of Merit pursuant to CPLR 3012-b is annexed hereto and made a part hereof.

26. The plaintiff reserves its right to enter a deficiency judgment against the borrower Defendants.

27. The plaintiff is not seeking attorneys' fees in this lawsuit.

   **WHEREFORE,** Plaintiff demands judgment:

   (a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbarance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien, interest or equity of redemption in the mortgaged premises;

   (b) of foreclosure and sale the mortgaged premises <u>1 A Cooke Street, East Rockaway, NY 11518 aka 1A Cooke Street, East Rockaway, NY 11518</u> as one parcel as shown in annexed <u>Schedule A</u> may be decreed to be sold according to law

   (c) That the priority of liens against the real property be determined by the Court, and the proceeds of the sale of said property, after proper court costs, be distributed among the

owners and holders of liens against said property in the order of priority thereof as determined by the Court; and

(d) That the total amount due to the Plaintiff on the NOTE and MORTGAGE as described herein be adjudged;

(e) Finding that such foreclosure will vest in the purchaser thereat free and clear title to the Property, free of any and all interests that are or might be asserted by any of the defendants;

(f) Ordering and directing that a Master sell the Property and deliver title via a Master's Deed to the successful bidder at such foreclosure and directing that the proceeds of the sale be applied as follows:

    (i) to payment of the expenses of the sale;

    (ii) to the payment of the debt owed to Plaintiff under the Notes;

    (iii) to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

    (iv) to the payment, at Plaintiff's option, of any real property taxes that may be due and unpaid in connection with the Property;

    (v) to the payment, at Plaintiff's option, of all other assessments against or attributable to the Property; and

    (vi) the surplus, if any, to the payment of debts secured by junior liens on the Property and then, to Borrower/Guarantors, in accordance with further order of the Court;

F. Ordering that the Defendants have no right of redemption after the sale of the Property;

    G.    Finding that plaintiff has preserved its rights to pursue any deficiency that may exist under the Note after application of the proceeds of the foreclosure sale pursuant to the Real Property Actions and Proceedings Law and may move the Court to enter final judgment against Guarantors for such deficiency

(g) That the Plaintiff may have such other and further relief which as to this Court may seem just, reasonable and proper.

Dated:  October 7, 2019

                                                  */s/ John Manfredi*
                                                  John Manfredi, Esq.
                                                  Manfredi Law Group, PLLC
                                                  Attorney for Plaintiff
                                                  302 East 19th Street, Suite 2A
                                                  New York, New York 10003
                                                  Telephone No. (347) 614-7006

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>Administrator of the U.S. Small Business Administration,<br>an Agency of the Government of the United States of America<br><br>                          Plaintiff,<br><br>    -against- | CASE NO.<br><br><br><br><br><br><br>**Mortgaged Premises:**<br>1A Cooke Street, East Rockaway, NY 11518<br>a/k/a 1 A Cooke Street, East Rockaway, NY 11518 |

Car Container Lines, Inc., Oleg Perstin, Galina Perstin, "JOHN DOE #1-5" and "JANE DOE #1-5", said names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein,

                          Defendants

## CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B

John Manfredi, Esq., pursuant to CPLR § 2106 and under the penalties of perjury, affirms as follows:

1. I am the attorney of record for plaintiff in the above-captioned mortgage foreclosure action. As such, I am fully aware of the underlying action, as well as the proceedings had herein.

2. I have reviewed the facts of this case and communicated with Diana St. Louis, District Counsel for the plaintiff, concerning the subject of this action.

3. Based upon my communication with the plaintiff and my review of the pertinent documents, including the mortgage, security agreement and note or bond underlying the mortgage executed by the defendants and all instruments of assignment, if any, and any other instrument of indebtedness including any modification, extension, and/or consolidation, and to the best of my knowledge, information and belief, there is a

    reasonable basis for the commencement of this action and that Plaintiff is currently the creditor entitled to enforce rights under such documents.

4. I further certify that to the best of my knowledge, information and belief, formed after reasonable inquiry regarding the present action, the presentation of the pleadings or the contentions contained herein is true and correct.

Dated:  October 7, 2019

                                                */s/ John Manfredi*  
                                                John Manfredi, Esq.  
                                                Manfredi Law Group, PLLC,  
                                                Attorney for Plaintiff,  
                                                302 East 19th Street, Suite 2A  
                                                New York, New York 10003  
                                                Telephone No. (347) 614-7006

WebTitle File No.:   WTA-19-015998                                    Client File No.:

# SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

ALL that certain plot, piece or parcel of land, lying and being near East Rockaway, the Town of Hempstead, County of Nassau, and State of New York, being bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southwesterly side of Cooke Street West and the northwesterly side of West Blvd. (Hewlett Bay Blvd. West);

(1) RUNNING THENCE South 25 degrees 12 minutes 15 seconds West along the northwesterly side of West Blvd., 50 feet;

(2) RUNNING THENCE North 64 degrees 47 minutes 45 seconds West, 66.60 feet;

(3) RUNNING THENCE North 25 degrees 12 minutes 15 seconds East, 50 feet to the southwesterly side of Cooke Street West;

(4) RUNNING THENCE South 64 degrees 47 minutes 45 seconds East, along the southwesterly side of Cooke Street West, 66.60 feet to the corner aforesaid, the point and place of BEGINNING.


Premises:                1 A Cooke Street, East Rockaway, NY 11518
aka                      1A Cooke Street West, East Rockaway, NY 11518
Tax Parcel ID No.:       Section: 42 Block: 43 Lot: 207